

**Signed and Filed: September 14, 2011**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>STEVEN GIBBS, aka STEVEN ALAN GIBBS, aka STEVE GIBBS, dba BLUE RIDGE MASONRY, INC., and DEANE GIBBS, aka DEANE ANNE GIBBS, aka DINA GIBBS, aka DEANE COCKBURN, fka DEANE MARTINEZ,<br><br>Debtors. | Case No. 10-31683 TEC<br><br>Chapter 7 |

### MEMORANDUM RE TRUSTEE'S APPLICATION FOR COMPENSATION

The court held a hearing on September 6, 2011 regarding Trustee's application for compensation. E. Lynn Schoenmann appeared *in pro per* as Trustee.

Trustee seeks $50,835, the maximum compensation permissible under section 326(a) of the Bankruptcy Code. For the reasons set forth below, I determine that the amount sought is unreasonably large.

This court has previously held that the maximum amount permissible under section 326(a) will generally, but not always, be allowed as reasonable compensation to a trustee in a chapter 7 case.

MEMORANDUM RE TRUSTEE'S
APPLICATION FOR COMPENSATION
-1-

> [T]here may be cases where the amount of "moneys disbursed" by the trustee may be very high in relation to the services performed, presenting a risk that a trustee may be overcompensated by applying the commission percentage. . . . cases where there are significant disbursements without a proportionate effort by the trustee, are examples of cases where the commission fee may not be reasonable. In such cases, even if all the services were properly performed, courts will need to assess whether the implied hourly rate is so high as to render the fee not reasonable.

In re McKinney, 374 B.R. 726, 731-32 (Bankr. N.D. Cal. 2007) (quoting L. King, Collier on Bankruptcy, ¶ 330.03[1][a] at pp. 330-15-330-16 (15th ed. rev'd 2006)).

In the present case, the maximum fee is substantially disproportionate to the services performed by Trustee. First, Trustee did not engage in any complex and difficult recovery of assets; Trustee merely sold the Debtors' house and two cars. Second, Trustee never was at risk that her fees would not be paid. Third, Trustee effected the sale of the house and cars with substantial help from various professionals who were paid substantial fees for that work. Trustee and buyer both employed real estate brokers to handle the sale of the house. Trustee hired an auctioneer to effect the sale of the two cars. Trustee's counsel was paid approximately $7,800 for work related to the sale of the house and cars. Fourth, Trustee herself expended little time on this case. Her time records show that she expended 25.2 hours on the entire case, and only 8.3 hours on the sale of the house and cars. Paying Trustee the $50,836 statutory maximum would be equivalent to paying her more than $2,000 per hour for work that can only be described as routine.

Trustee argued at the hearing that reducing her compensation

**MEMORANDUM RE TRUSTEE'S APPLICATION FOR COMPENSATION**

-2-

Case: 10-31683   Doc# 71   Filed: 09/14/11   Entered: 09/15/11 10:03:45   Page 2 of 4

would result in no benefit to creditors.  This is so, she argued, because the estate would have just enough to pay allowed priority claims almost in full if her fees are allowed as requested, but would have to engage in expensive claims litigation if any amount is left for general unsecured creditors (GUCs).  She acknowledges that she has not engaged in any close analysis of GUCs, but noted that Debtors listed most of the scheduled GUCs as disputed.

Trustee's argument is not persuasive.  First, GUCs with valid claims would benefit from any savings in Trustee's compensation fee, even if Trustee did not review claims and object to questionable ones – something is better than nothing.  Second, it appears that Trustee has already found wanting the grounds upon which Debtors scheduled GUCs as disputed.  With respect to every disputed claim save one, Debtors stated that they disputed the claim on the basis that the claim was properly a liability of their wholly owned corporation.  Among those claims were several claims for unpaid wages.  Yet Trustee has included those wage claims among the priority claims to be paid, without raising the objection asserted by Debtors.  Trustee may have concluded that grounds exist to disregard the corporate form.  Among filed GUCs totaling $300,000, the only claim that the Debtors disputed on any other basis is a $6,000 deficiency claim asserted by Toyota following the Debtors' surrender of their vehicle.  Given the above, Trustee may very well conclude that no objections to claim are warranted.

Trustee may do either of the following.  If Trustee determines, from what the court has noted here as well as her prior knowledge of the case, that it would not be cost effective to review claims further or to object to claims, she may pay herself

**MEMORANDUM RE TRUSTEE'S
APPLICATION FOR COMPENSATION**

-3-

compensation in the amount of $12,500, and distribute the newly available funds to filed priority creditors and GUCs without further notice or hearing.  If Trustee determines that further review of claims or objections to claims would be cost effective, she may continue to administer the case and file an amended fee application upon the completion of such duties.  Trustee should advise the court as to which course she determines to be appropriate, and the court will thereupon enter an appropriate order.

**END OF MEMORANDUM**